# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

LEONTE DEJUAN MACKLIN                                                   PLAINTIFF
#43185

V.                          No. 3:19CV00108-BSM-JTR

CRAIGHEAD COUNTY
DETENTION CENTER                                                         DEFENDANT

## ORDER

Plaintiff Leonte Dejuan Macklin ("Macklin"), a pretrial detainee in the Craighead County Detention Center ("CCDC"), has filed a *pro se* § 1983 Complaint alleging that he is being subjected to inhumane conditions of confinement. *Doc. 2.* Before Macklin may proceed with this case, the Court must screen his claims.[1]

Macklin alleges that, at the CCDC: (1) he has been refused cleaning supplies for his living area; (2) he has to sleep on a foam mat covered with black mold and mildew; (3) there is black mold in the restroom, shower and all over the ceiling; (4) insulation falls out of the ceiling over his eating and bedding area; and (5) the roof is leaking, and toilet water leaks into his sleeping area. According to Macklin, these

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

conditions have caused him to have breathing difficulties and headaches. *Doc. 2 at 4*.

Macklin names one Defendant, the "Craighead County Detention Center, entire jail/administration." It is well settled that a county detention facility is *not* a legal entity that can be sued in a § 1983 action. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski County Detention Facility*, 278 Fed. Appx. 695, 695 (8th Cir. 2008). Instead, Macklin must name *individuals* who are responsible for the alleged constitutional violations.

In addition, to the extent Macklin is attempting to name the CCDC Administrator as a Defendant, he makes no specific factual or legal allegations against him or her. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

The Court needs additional information from Macklin to complete § 1915A screening. Thus, Macklin must file an Amended Complaint that: (1) names all the *individuals* he believes violated his constitutional rights and whom he wishes to sue in this action; (2) explains, in a simple, concise and direct manner, how each of the named Defendants *personally participated* in violating his constitutional rights; (3) provides the specific dates that he was subjected to the challenged conditions of

confinement; (4) explains how he has been harmed by being exposed to the alleged conditions; and (5) states whether an official policy, custom, or practice caused his injuries.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to mail Macklin a § 1983 complaint form that is labeled "Amended Complaint."

2. Macklin must file, **within thirty days of the date of this Order,** an Amended Complaint that complies with the instructions in this Order. If he does not timely and properly do so, this case will be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2).

DATED this 19th day of April, 2019.

_____
UNITED STATES MAGISTRATE JUDGE